# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARRY W. MORAN,**
**Claimant Below, Petitioner**

**vs.)  No. 12-1233** (BOR Appeal No. 2047225)
(Claim No. 2010132768)

**STACY LYNN COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Garry W. Moran, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Stacy Lynn Coal, LLC, by Patricia A. Jennings, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 17, 2012, in which the Board affirmed an April 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 5, 2010, decision which granted no permanent partial disability award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moran, a coal miner, suffered occupational dust exposure in the course of his employment. His claim was held compensable for occupational pneumoconiosis on a non-medical basis on June 25, 2010. On the March 16, 2010, physician's report of occupational pneumoconiosis Carl Liebig, M.D., asserted that Mr. Moran suffered from occupational pneumoconiosis for the previous five years. He noted that Mr. Moran smoked one to two packs of cigarettes a day for thirty years. Mr. Moran's chest x-ray showed no pleural abnormalities consistent with occupational pneumoconiosis.

1

The Occupational Pneumoconiosis Board indicated in its August 19, 2010, report that it was unable to make a diagnosis of occupational pneumoconiosis in this case. It determined that there were insufficient pleural or parenchymal changes to support the diagnosis. It noted that Mr. Moran ceased working because he was laid off. The Board found that Mr. Moran had a twenty-five year history of occupational dust exposure. Jack Kinder, M.D., chairman of the Board, testified in a hearing before the Office of Judges on February 2, 2011. He opined that Mr. Moran suffered from 10% lung impairment. Based upon examination findings, smoking history, and negative x-rays, this impairment was determined to be the result of cigarette smoking rather than occupational dust exposure. This was demonstrated by the post-bronchodilator ratio.

Attila Lenkey, M.D., evaluated Mr. Moran for occupational pneumoconiosis on June 28, 2011. He noted a twenty year history of smoking a pack of cigarettes a day. He determined that Mr. Moran had approximately 20% lung impairment secondary to a combination of longstanding cigarette smoking and occupational dust exposure. A chest x-ray showed slight left base atelectasis and no pleural or parenchymal changes of pneumoconiosis. In an addendum to his report, Dr. Lenkey opined that Mr. Moran had 10% lung impairment due to occupational pneumoconiosis.

Dr. Kinder testified, on behalf of the Occupational Pneumoconiosis Board, in a second hearing before the Office of Judges on April 4, 2012. He disagreed with Dr. Lenkey's findings, which he believed were based upon Mr. Moran's diffusion study. The study showed a diffusion capacity for carbon monoxide of sixty-eight and a score of fifty-three when adjusted for volume. However, Mr. Moran's carboxyhemoglobin was 5.5, which Dr. Kinder opined invalidated the test. He asserted that the Occupational Pneumoconiosis Board's findings and recommendations of August of 2010 remained unchanged. Mahendra Patel, M.D., also of the Occupational Pneumoconiosis Board, concurred with Dr. Kinder that there was no diagnosis of occupational pneumoconiosis and no impairment in this case. He attributed the 10% pulmonary impairment to lung disease and cigarette smoking.

The claims administrator declined to award Mr. Moran a permanent partial disability award for occupational pneumoconiosis in its November 5, 2010, decision. The Office of Judges affirmed its decision in its April 13, 2012, Order. It found that the Occupational Pneumoconiosis Board reviewed the case in two separate hearings and concluded that while Mr. Moran had 10% pulmonary function impairment, it was unrelated to occupational pneumoconiosis. There was no x-ray evidence of occupational pneumoconiosis, and Mr. Moran had a significant smoking history. His carboxyhemoglobin level was elevated on the Occupational Pneumoconiosis Board's study as well as the study by Dr. Lenkey. The clinical findings and Mr. Moran's smoking history were determined to support the conclusion that the 10% impairment was not attributable to occupational dust exposure. Though Dr. Lenkey opined that Mr. Moran had 20% lung impairment based on the diffusion study, he neglected to take into account that his 5.5 carboxyhemoglobin level invalidated the test. The Occupational Pneumoconiosis Board determined that there were insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis, and any impairment Mr. Moran had was attributable to his non-compensable smoking. The Office of Judges held that the findings of the Occupational Pneumoconiosis Board were not clearly wrong.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 17, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. There is no radiographic evidence to connect Mr. Moran's pulmonary impairment to his occupational dust exposure and he has a significant cigarette smoking history. Because the Board of Review's decision is supported by the evidence of record, it is hereby affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II